**FOX ROTHSCHILD LLP**
**Formed in the Commonwealth of Pennsylvania**
BY:    R. James Kravitz
          Brittany M. Barbet
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, New Jersey 08648-2311
(609) 896-3600
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN SLACKFORD, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br> CAMDEN VICINAGE <br><br> CIVIL NO. 1:21-cv-17769-RMB-MJS <br><br><br> **FIRST AMENDED COMPLAINT** |

Plaintiff Kevin Slackford ("Plaintiff") by and through his counsel, Fox Rothschild LLP, submits this First Amended Complaint against Defendant United States of America ("United States") and in support thereof, avers as follows:

### PARTIES

1. Plaintiff is an individual who at all times relevant resides at Federal Correctional Institution Fairton ("FCI Fairton") in Fairton, New Jersey.

2. The United States, through its agency, FCI Fairton, operates that FCI Fairton facility in Fairton, New Jersey.

3. Upon information and belief, the employees, doctors, and medical staff of FCI Fairton are government employees.

## JURISDICTION AND VENUE

4.      The claims herein are brought against the United States pursuant to the Federal Tort Claims Act 28 U.S.C. § 2671 *et seq.* and 28 U.S.C. § 1346 for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of New Jersey.

5.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims against the United States occurred in the District of New Jersey.

6.      Pursuant to 28 U.S.C. § 2675, Plaintiff filed a claim with the U.S. Department of Justice Federal Bureau of Prisons (the "BOP") demanding compensation for his injuries under Administrative Claim No.: TRT-NER-2021-00923. See Administrative Claim, attached as **Exhibit A**.

7.      On or about June 7, 2021, the Administrative Claim was denied. See Denial Letter, attached as **Exhibit B**.

## FACTS

8.      On or about March 22, 2019, Plaintiff was in his cell sleeping in the top bunk at FCI Fairton.

9.      During the night on March 22, 2019, Plaintiff fell off the top bunk and smashed his right shoulder onto the concrete floor. Plaintiff felt extreme pain in his right shoulder.

10.      On or about March 23, 2019, Plaintiff informed the Unit Officer regarding his injury. Plaintiff was informed by the Unit Officer to fill out an Inmate Sick Call Sign Up Sheet

2

("Cop-Out Form") because there was no medical staff present at FCI Fairton on the weekends to provide treatment. Plaintiff complied and submitted a Cop-Out Form requesting immediate medical attention.

11. Plaintiff was unable to receive any medical treatment for two full days as there was no medical staff on site.

12. On or about March 25, 2019, Plaintiff was finally seen by Dr. S. McGann, Clinical Director at FCI Fairton.

13. Plaintiff informed Dr. McGann regarding his fall from the top box and described his shoulder pain, which was shooting through his whole body. Plaintiff also requested to be placed in a cell with a bottom bunk bed access.

14. Dr. McGann denied a bottom bunk bed pass and prescribed Motrin and x-rays.

15. On or about March 26, 2019, Plaintiff underwent x-ray scans of his right shoulder.

16. Plaintiff made numerous requests for medical treatment to various prison staff members, including to pill nurses Ms. Hess and Ms. Cooke, and his case manager, Ms. Cordero, because he was still in extreme pain due to his injury.

17. Plaintiff was continually denied medical attention and treatment for his injury.

18. On or about April 9, 2019, Plaintiff submitted the FCI Fairton Administrative Remedy Procedure for Inmates Informal Resolution Form requesting to receive the results of his March 26, 2019 x-rays and for additional treatment and medication for his shoulder.

19. Plaintiff did not receive a response to the April 9, 2019 Resolution Form.

20. On or about April 15, 2019, Plaintiff submitted a Cop-Out Form requesting the results of his March 26, 2019 x-rays.

21. On or about April 30, 2019, Plaintiff again requested a bottom bunk pass.

3

22.     On or about May 1, 2019, FCI Fairton Health Service responded to Plaintiff's bottom bunk pass by stating "[t]here is no indication for you to receive a lower bunk pass."

23.     On or about May 1, 2019, Plaintiff submitted a second FCI Fairton Administrative Remedy Procedure for Inmates Information Resolution Form requesting the results of his March 26, 2019 x-rays, additional medical treatment and medication, and for a bottom bunk pass.

24.     On or about May 3, 2019, Plaintiff submitted a Request for Administrative Remedy with the BOP. Plaintiff requested adequate medical care for his shoulder.

25.     On or about May 14, 2019, the Acting Warden J.L. Jamison, denied Plaintiff's Request for Administrative Remedy under Administrative Remedy No.: 976925-F1.

26.     On or about May 20, 2019, Plaintiff appealed the denial of his Request for Administrative Remedy with the BOP. Plaintiff requested adequate medical care because the doctors informed him that his "shoulder will heal itself" and did not provide further care despite the continuation of pain and his inability to move his shoulder.

27.     On or about June 28, 2019, Plaintiff sent an email to Dr. Limberkar informing the doctor that he was in severe pain and he was unable to move his shoulder. The same day, Plaintiff filled out a Cop-Out Form requesting medical treatment due to severe pain in his shoulder.

28.     On or about July 3, 2019, the Regional Director, J. Ray Ormond, denied Plaintiff's appeal of the denial of his Request for Administrative Remedy under Appeal No.: 976925-R1.

29.     On or about July 8, 2019, Plaintiff submitted a Cop-Out Form requesting medical treatment due to severe pain in his shoulder.

30.     On or about July 19, 2019, Plaintiff submitted an Administrative Remedy Appeal with the BOP. Plaintiff requested pain management treatment for his shoulder.

31. On or about July 30, 2019, Plaintiff submitted a Cop-Out Form requesting medical treatment due to severe pain in his shoulder.

32. On or about September 11, 2019, the National Inmate Appeal Administrator, Ian Connors, denied Plaintiff's Administrative Remedy Appeal under Remedy ID No.: 976925-A1.

33. On or about September 11, 2019, Plaintiff requested FCI Fairton staff to provide him with options in order for him to get his shoulder injury evaluated. Plaintiff stated that he was still in constant pain.

34. On or about September 18, 2019, Plaintiff submitted a Cop-Out Form requesting medical treatment due to pain in his neck.

35. On or about October 12, 2019, Plaintiff submitted a Cop-Out Form requesting medial attention because he was experiencing pain in his shoulder.

36. On or about November 14, 2019, Plaintiff submitted a Cop-Out Form requesting medical attention because he was experiencing pain in his shoulder.

37. On or about March 11, 2020, Plaintiff submitted a Cop-Out Form requesting medical attention to his shoulder because he was still in pain. Plaintiff stated that the over-the-counter medicine was not relieving his pain and he wanted to discuss other pain management options.

38. On or about April 12, 2020, Plaintiff submitted an Inmate Request Form to the BOP requesting pain medicine for his shoulder pain.

39. On or about June 11, 2020, Plaintiff submitted a Cop-Out Form requesting medical attention and treatment due to pain in his neck.

40. On or about July 14, 2020, Plaintiff submitted a Cop-Out Form requesting medical attention due to pain in his neck.

41.     On or about August 25, 2020, Plaintiff submitted a Claim for Damage, Injury, or Death to the BOP. See Administrative Claim attached as **Exhibit A**. Plaintiff's Claim noted the inadequate treatment provided and sought compensation in the amount of $100,000 for being in the constant state of pain in his right shoulder.

42.     On or about November 3, 2020, after approximately over one year without medical treatment, Plaintiff underwent x-rays of his right shoulder. The findings showed that Plaintiff suffered a resection of the distal right clavicle head and widening of the joint spaces. Plaintiff's injury had worsened since March 2019 due to lack of treatment and medical care.

43.     On or about April 9, 2021, at the request for an outside orthopedic consult, Plaintiff underwent another round of x-rays on his right shoulder. The findings were the same as the November 3, 2020 examination.

44.     On or about May 28, 2021, Plaintiff underwent a CT scan of his right shoulder, which showed a right distal clavicle fracture with widening of the acromioclavicular joint, suggestive of an underlying ligamentous injury.

45.     On or about June 4, 2021, after approximately one year and three months of receiving inadequate treatment from FCI Fairton, Plaintiff went to Premier Orthopaedic Associates for a consult and was diagnosed with acute pain of the right shoulder, separation of the right acromioclavicular joint, and osteoarthritis of the right acromioclavicular joint.

46.     The orthopedist provided Plaintiff with an injection in his right acromioclavicular joint and requested Plaintiff to schedule a follow up visit in four weeks.

47.     On or about June 7, 2021, the BOP issued a formal denial of Plaintiff's claim, authorizing the commencement of this action. See **Exhibit B**.

48.    On or about August 3, 2021, Plaintiff submitted a Cop-Out Form requesting to see his orthopedic doctor.

49.    On or about September 10, 2021, Plaintiff submitted a Cop-Out Form again requesting to see his orthopedic doctor.

50.    Plaintiff was not taken back to the orthopedic doctor.

51.    Between 2019-2021, Plaintiff made frequent requests for medical treatment from the FCI Fairton medical staff.

52.    The medical staff at FCI Fairton refused to provide Plaintiff with proper and adequate medical attention and treatment.

53.    Due to the inadequate medical treatment, Plaintiff's injuries worsened.

54.    Due to the inadequate medical treatment, Plaintiff has constant pain in his shoulder. The pain has and will continue cause stress to the shoulder muscles, resulting in weakness and future complications, such as arthritis, long-term nerve damage, misalignment, and long-term deformity.

## FIRST COUNT

### (Federal Tort Claims Act - Negligence)

55.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-54.

56.    The United States, through is employees, owed Plaintiff a duty to provide adequate medical treatment.

57.    The United States, through its employees, breached that duty to Plaintiff by failing to provide adequate medical treatment.

58.    As a direct and proximate cause of the United States' failure to provide adequate medical treatment for over two years, Plaintiff's injuries severely worsened.

7

59.     As a direct and proximate result of the negligence of the United States, Plaintiff was caused bodily injuries, was painfully and permanently injured, and will incur in the future medical expenses in an effort to cure himself of his injuries, and will otherwise prevent from attending to his regular pursuits, employment, duties, and obligations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff is entitled to damages from the United States and respectfully requests that judgment be entered in his favor and against the United States as follows:

1. Compensatory damages; and

2. Any other relief that this Court may deem appropriate and just.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that the matter in controversy is not subject to any other action pending in any court.

FOX ROTHSCHILD LLP

Dated: August 28, 2023                     By:    _____

R. James Kravitz, Esq.
Brittany M. Barbet, Esq.
997 Lenox Drive
Lawrenceville, NJ 08648-2311
*Attorneys for Plaintiff*

8

## CERTIFICATION OF SERVICE

I hereby certify that on this 28th day of August, 2023 a copy of the First Amended Complaint was filed on ECF and served on counsel:

Samantha R. D'Aversa
Assistant United States Attorney
401 Market Street
PO Box 2098
Camden, NJ 08101
*Attorneys for Defendant*


Dated: August 28, 2023                                    _____
                                                         R. James Kravitz

9

# EXHIBIT A

Ex 1313

171

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: NORTHEAST REGIONAL OFFICE U.S. CUSTOMS HOUSE 2nd & CHESTNUT STREET 7th FLOOR PHILADELPHIA, PA 19106 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) KEVIN SLACKFORD #86322-053 FCI FAIRTON PO BOX 420, Fairton, NJ 08320 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH ▮▮▮▮ | 5. MARITAL STATUS -Select- | 6. DATE AND DAY OF ACCIDENT MARCH 22nd 2019 | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On March 22nd 2019, while in the custody of the Bureau of Prisons, housed at the Federal Correctional Institution in Fairton, NJ, Housing Unit C-R, I fell from my upper level bunk and severly injured my right shoulder. Since that day I have been in constant pain, medical has repeatedly refused to do anything after negative x-ray results. I have made a compilation of said visits(see attachment).

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. I have been in a constant state of pain since March 22nd 2019. I have purchased ibuprofen on commissary as instructed by medical staff, it does not King. Still they refuse to do anything for me. My right shoulder is in constant pain. An MRI is needed to properly define the damage, also compensation for pain.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| DR. MCGANN RELEVANT MEDICAL STAFF | FEDERAL CORRECTIONAL INSTITUTION PO Box 420 Fairton, NJ 08320 | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE -0- | 12b. PERSONAL INJURY $100,000.00 | 12c. WRONGFUL DEATH -0- | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $100,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109                                    NSN 7540-00-634-4046                    STANDARD FORM 95
                                                                                  PRESCRIBED BY DEPT. OF JUSTICE
                                                                                  28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☐ No

I AM IN THE CUSTODY OF THE FEDERAL BUREAU OF PRISONS

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

☐ Yes
☐ No    N/A

Full Coverage ☐
Deductible ☐

17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☐ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95    BACK



123c
ex ~~Parte~~

U38U

**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

*U.S. Custom House*
*2nd & Chestnut Streets - 7th Floor*
*Philadelphia, PA. 19106*

November 16, 2020

Kevin Slackford, Reg. No. 86322-053
FCI Fairton
P.O. Box 420
Fairton, NJ  08320

Re:   Administrative Claim **Received September 1, 2020**
      Claim No. TRT-NER-2021-00923

Dear Mr. Slackford:

This will acknowledge receipt of your administrative claim for an alleged loss of personal property or personal injury at FCI Fairton.

Under the provisions of the applicable federal statutes, we have **six months from the date of receipt** to review, consider, and adjudicate your claim.

All correspondence regarding this claim should be addressed to Federal Bureau of Prisons, Northeast Regional Office, Room 701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania 19106.  If the circumstances surrounding this claim change in any fashion, you should contact this office immediately. Also, should your address change, you should contact this office in writing accordingly.

Sincerely,

Darrin Howard
Regional Counsel

# EXHIBIT B

U.S. Department of Justice

Federal Bureau of Prisons

*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

_____

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA 19106*

June 7, 2021

Mr. Kevin Slackford, Reg. No. 86322-053
FCI Fairton
P.O. Box 420
Fairton, NJ   08320

     RE:   Administrative Claim No. TRT-NER-2021-00923

Dear Mr. Slackford:

     Administrative Claim No. TRT-NER-2021-00923, properly received on September 1, 2020, has been considered for settlement as provided by the Federal Tort Claims Act, 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30.   Damages are sought in the amount of $100,000.00 based on a personal injury claim.   Specifically, you allege on March 22, 2019, you were injured when you allegedly fell off your top bunk bed at FCI Fairton.   You allege you have not received adequate medical care.

     A review of your medical records reflects there is insufficient to substantiate the allegations of this claim.   You were seen by medical staff on March 25, 2019, for complaints of shoulder pain from allegedly falling from your bunk bed.   Your x-ray revealed no significant findings and medical staff prescribed you pain medication. You have been seen on several occasions by medical staff, and were provided medication and physical therapy.   You are currently pending follow up after your recent CT scan.   There is no evidence to suggest you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee.   Accordingly, your claim is denied.

     If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

                   Sincerely,

                   Qafrin Howard
                   Regional Counsel

cc:   Thomas E. Bergami, Warden, FCI Fairton